# EXHIBIT

# B

FILED
12/8/2021 2:34 PM
FELICIA PITRE
DISTRICT CLERK
DALLAS CO., TEXAS
Christi Underwood DEPUTY

DC-21-17580

2 CITS-ESERVE

CAUSE NO._____

| | |
|---|---|
| FELIPE JIMENEZ,<br>                    Plaintiff,<br><br>v.<br><br>JESSE MEEKS AND CACTUS TANKS,<br>LLC,<br>                    Defendants. | IN THE DISTRICT COURT<br><br> 14th<br>_____ JUDICIAL DISTRICT<br><br>DALLAS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, FELIPE JIMENEZ, Plaintiff, and files  Plaintiff's Original Petition, complaining of JESSE MEEKS AND CACTUS TANKS, LLC, Defendants, and would show unto the Court as follows:

### I. DISCOVERY PLAN

1.      This suit is governed by discovery control plan II under Rule 190.3 of the Texas Rules of Civil Procedure.

### II. PARTIES

2.      Plaintiff, FELIPE JIMENEZ, is an individual who resides at 10111 Laneyvale Avenue, Dallas, Dallas  County, Texas TX 75217.

3.      Defendant, JESSE MEEKS, is an individual who resides at 304 East 5th, Davenport, Lincoln County, Oklahoma 74026, and may be served with process at that address.  Citation is requested for this Defendant and service will be completed by a private process server.

4.      Upon information and belief, Defendant, CACTUS TANKS, LLC  is an out of state company with its principal place of business at 1125 South Industrial Road, Chandler, Lincoln County, OK 74834.  Defendant may be served with process through its Managing Member, Ray Acord, at 1125 South Industrial Road,  Chandler, Lincoln County, OK 74834.  Citation is requested for this Defendant and service will be completed by a private process server.

### III. JURISDICTION & VENUE

5.     The Court has continuing jurisdiction over Defendants, because Defendant, Jesse Meeks, committed a tort within the State of Texas, and Defendant, Cactus Tanks, LLC, maintains substantial and continuing contacts with the State of Texas. The Court has jurisdiction over the controversy, because the damages are within the statutory jurisdictional limits of the Court.

6.     Venue is proper in Dallas County, Texas, because all or a substantial part of the events or omissions giving rise to the claim occurred in Dallas County.

### IV. FACTS

7.     This lawsuit results from an automobile collision that occurred on or about July 30, 2020, at Interstate Highway 35 in Dallas, Dallas County, Texas.  Plaintiff, Felipe Jimenez, was southbound on Interstate Highway 35 with the Defendant, Jesse Meeks, traveling directly behind. Defendant, Jesse Meeks, failed to be attentive, failed to control his speed, was following too closely, and rear ended Plaintiff's vehicle.  At the time of the collision, Defendant, Jesse Meeks, was acting in the course and scope of his employment with, and in a vehicle owned by, Defendant, Cactus Tanks, LLC. As a result of the impact, Plaintiff suffered bodily injury, property damage, and loss of earning capacity.

### V. NEGLIGENCE

8.     Defendant, Jesse Meeks, and Defendant, Cactus Tanks, LLC, vicariously, had a duty to exercise ordinary care and operate the vehicle reasonably and prudently and failed to do so. Defendants were negligent in at least the following respects:

      a.     Failure to maintain a proper lookout;

      b.     Failure to make such application of the brakes as a person using ordinary care would have made;

      c.     Failure to maintain proper control of the vehicle under the conditions then and there existing;

      d.     Failure to turn the vehicle to the right or left to avoid the collision;

      e.     Traveling at an unsafe speed; and

f.  Failure to maintain an adequate distance between the vehicle and the vehicle driven by Plaintiff, Felipe Jimenez.

## VI.  RESPONDEAT SUPERIOR

9.  At the time of the accident, Defendant, Jesse Meeks, was the agent, servant, and employee of Defendant, Cactus Tanks, LLC, and was acting within the scope of his authority as such agent, servant, and employee.  Defendant, Cactus Tanks, LLC is liable to Plaintiff for the negligence of Defendant, Jesse Meeks,  under the common law doctrine of *respondeat superior.*

## VII.  DAMAGES

10.  As a proximate result of Defendants' negligence, Plaintiff suffered bodily injury, property damage, and loss of earning capacity. Plaintiff suffered the following damages:

a.  Physical pain and mental anguish in the past and future;

b.  Medical expenses in the past and future;

c.  Physical impairment;

d.  Property Damage; and

e.  Loss of earning capacity.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, FELIPE JIMENEZ, respectfully requests that Defendants, JESSE MEEKS AND CACTUS TANKS, LLC, be cited to appear and answer, and on final trial, that Plaintiff have judgment against Defendants for:

a.  Actual damages;

b.  Prejudgment and post-judgment interest as allowed by law;

c.  Costs of suit;

d.  Monetary relief over $250,000 but not more than $1,000,000; and

e.  Any further relief, either in law or equity, to which Plaintiff is justly entitled.

Respectfully submitted,

Ben Abbott & Associates, PLLC
1934 Pendleton Drive
Garland, TX 75041
(972) 263-5555
(817) 263-5555
(972) 682-7586 Facsimile
eService@benabbott.com

*/s/ Griffin Scheumack*
by: Griffin Scheumack
State Bar No.  24097168

ATTORNEYS FOR PLAINTIFF